NO. 07-08-0316-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 25, 2009

_____

LEE JOSEPH REDDIC, SR., APPELLANT

V.

LARRY REDDIC, APPELLEE

_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-537,398; HONORABLE WILLIAM C. SOWDER,[1] JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Lee Joseph Reddic, Sr., appeals the judgment of the trial court awarding Appellee, Larry Reddic, title to and possession of certain real property situated in Lubbock County, Texas, and barring Lee from claiming an ownership interest in the property. By five

---

[1]The case was tried to a jury, the Honorable David L. Gleason, (Ret.), judge presiding, sitting by assignment. The *Judgment* was signed by the Honorable J. Blair Cherry, Jr., (Ret.), sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(3) (Vernon 2005).

issues, each dealing with whether Larry clearly and sufficiently repudiated Lee's alleged ownership interest, Lee contends the trial court erred and the judgment should be reversed and a new judgment rendered in his favor. We affirm.

## Background

Lee married Larry's mother, Rose Mae Cotton, on September 28, 1957.[2] Some time shortly after their marriage, Lee left Rose and began living with another woman, Rachel Reddic. Although Lee and Rose were never formally divorced, Lee and Rachel lived together as husband and wife for approximately forty years. On May 18, 1972, while Lee was living with Rachel, Rose purchased the property in question, taking title to the property as "Rose Mae Cotton, a single woman." Thereafter, on December 6, 1976, Rose, acting individually, deeded the property to Larry. Although evidence presented indicated that Larry paid the mortgage and taxes, Rose continued to reside on the property. At no time from May 18, 1972, until December 6, 1976, did Lee ever reside on the property or otherwise live with Rose as husband and wife. Approximately 24 years later, in 2000, Lee moved into the property in question with Rose. After Rose's death in 2006, for the first time, Lee claimed an ownership interest in the property by virtue of his marriage to Rose.

Due to Lee's claim of an ownership interest, Larry initiated this proceeding as a trespass to try title action, seeking to establish ownership of the residence through adverse

---

[2]Although Lee and Larry each carry the same surname, Lee is not Larry's biological father and Lee never adopted Larry. At some point, not exactly clear from the record, Larry assumed Reddic as his legal surname.

2

possession.  Lee sought to defend the action by maintaining limitations never began to run because he was a co-tenant, and Larry failed to clearly and sufficiently repudiate his ownership interest.  The issue of adverse possession was submitted to a jury and the jury determined that Larry had adversely possessed the property for the requisite period of time under the five,[3] ten,[4] and twenty-five[5] year statutes of limitation.  Based upon the jury's verdict, the trial court entered judgment in favor of Larry.  This appeal followed.

## Discussion

The entire premise of Lee's appeal is based upon his contention that he had an ownership interest in the property in question by virtue of his marriage to Rose.  Lee contends that Rose's deed to Larry only conveyed her one-half interest, and therefore, by virtue of his continued ownership of the other one-half, he was a co-tenant.  Lee further maintains that Larry's conduct was insufficient to constitute an effective repudiation of his interest.  Lee's reliance upon the law pertaining to repudiation of a co-tenant's interest is misplaced because the record before us fails to establish the relationship of co-tenancy.  In other words, we find that Lee does not have an ownership interest in the property in question.

During marriage, property is presumed to be subject to the sole management, control, and disposition of a spouse if it is held in that spouse's name, as shown by a muniment or

---

[3]Tex. Civ. Prac. & Rem. Code, § 16.025 (Vernon 2002).

[4]Tex. Civ. Prac. & Rem. Code, § 16.026 (Vernon 2002).

[5]Tex. Civ. Prac. & Rem. Code, § 16.027 (Vernon 2002).

3

other evidence of ownership. Tex. Fam. Code Ann. § 3.104(a) (Vernon 2006). Rose held the property in question in her sole name under a muniment of ownership, to-wit: a general warranty deed. As such, the entire community interest was subject to her sole management, control, and disposition. *Jean v. Tyson-Jean,* 118 S.W.3d 1, 5 (Tex.App–Houston [14th Dist.] 2003, pet. denied). Therefore, when Rose conveyed the entire fee simple title to the property in question to Larry, she conveyed whatever interest Lee may have owned in the property. *Id.* Thereafter, because Lee was a stranger to the title and not a co-tenant, Larry did not have the burden placed on co-tenants of "bringing home" to the adverse party notice of repudiation. *Gossett v. Tidewater Associated Oil* Co., 436 S.W.2d 416, 420 (Tex.Civ.App.–Tyler 1968, writ ref'd n.r.e.).

Since Lee has not contested any of the other elements of Larry's adverse possession claim, the trial court did not err by entering judgment in favor of Larry. Issues one through five are overruled.

**Conclusion**

The judgment of the trial court is affirmed.

Patrick A. Pirtle
Justice

Campbell, J., concurring.

4